Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: September 28th, 2018**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

| | |
|---|---|
| IN RE: | CASE NO. 5:12-bk-50160 |
| DERRICK LAMONT ALLEN, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |
| ROBERT L. JOHNS as CHAPTER 7 TRUSTEE, | A.P. No. 5:16-ap-5000 |
| Plaintiff | |
| v. | |
| RICKETTS TRUST, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

Pending is the Motion for Summary Judgment, filed by Plaintiff Chapter 7 Trustee Robert L. Johns, on February 3, 2018 [dckt. 31]. Defendant Ricketts Trust filed its Response on February 16, 2018 [dckt. 35], and Mr. Johns submitted his Reply on February 23, 2018 [dckt. 39].

Also pending is the Motion to Dismiss Adversary Proceeding filed by Ricketts Trust on February 21, 2018 [dckt. 37]. Mr. Johns filed his Objection to the Motion to Dismiss on March 7, 2018 [dckt. 43]. Ricketts Trust filed its Reply on March 14, 2018 [dckt. 46]. Both Motions are ready for adjudication.

**I.**

In February 2009, Ricketts Trust loaned $16,000 to Allen's Paving, LLC ("Allen's Paving"), and Derrick Allen. The loan, which secured two automobiles, is hereinafter referred to as the "Allen Note". Both Mr. Allen and Allen's Paving defaulted on the Allen Note and Ricketts Trust undertook to collect the remaining balance until Mr. Allen filed his Chapter 13 bankruptcy case on August 8, 2012. Rickett's Trust does not appear to have filed a proof of claim in the case. Mr. Allen's Chapter 13 Plan, confirmed on March 31, 2014, contemplated that Mr. Allen would make payments on the Allen Note to Ricketts Trust directly and not through the Chapter 13 Plan. The record does not disclose the sums, if any, that were paid to Ricketts Trust directly during the Chapter 13 Plan period. Not long after confirmation, on April 2, 2014, Mr. Allen filed his Notice of Voluntary Conversion to Chapter 7; the case was then assigned to Mr. Johns.

Following Mr. Ricketts' apparent death in April 2015, his daughter, Sherri R. Gill, inherited the right to any collected proceeds on the Allen Note. She subsequently asked Barry L. Bruce, Trustee of Ricketts Trust, to collect the balance of the Allen Note. She was then informed of Mr. Allen's bankruptcy filing. Ms. Gill then contacted Mr. Allen's bankruptcy counsel, John Leaberry, to determine if she could be paid on the Allen Note. Ms. Gill asserts Mr. Leaberry aided her in securing payment on the Allen Note via three checks dated November 30, 2015, February 29, 2016, and April 30, 2016.[1] Ms. Gill later contacted Mr. Bruce and informed him that she had

---

[1] The checks were payable to Ms. Sheri R. Gill (sometimes spelled "Sheri" and sometimes spelled "Sherri") and were made for "Ricketts Trust Payment [1-3]." They were signed by Mr. Allen's wife, LaLannie Smith-Allen, and were drawn on Allen's Paving Payroll checks.

2

received these three payments, which totaled $9,388.62.[2] Mr. Bruce asserts he informed Mr. Johns that the Allen Note had been paid via letter dated May 13, 2016.

This adversary proceeding was initiated on May 11, 2016, when Mr. Johns filed a Complaint alleging that (1) liens allegedly held by Ricketts Trust in Mr. Allen's property were avoidable under the Bankruptcy Code, and (2) Ricketts Trust held, at best, an unsecured claim against Mr. Allen's Estate. No mention was made respecting recovery of the $9,388.62. Ricketts Trust filed its Answer on April 8, 2016. It stated that it had not received payments from Mr. Allen either post-petition or within the 90-day lookback period prior to Mr. Allen's bankruptcy filing.

On November 20, 2016, Mr. Johns filed a Motion to Compromise the Adversary Proceeding [dckt. 14]. The Court approved that settlement in an Agreed Order entered January 3, 2017 [dckt. 16]. A material part of the compromise was Ricketts Trust's acknowledgement that its security interests in the two vehicles were not properly perfected and hence subject to avoidance. The Agreed Order thus avoided the security interests and required Mr. Allen to surrender possession of the two vehicles. The Adversary Proceeding was then dismissed with prejudice and the case closed on July 26, 2017.

On August 24, 2017, Mr. Johns moved to reopen the Adversary Proceeding and Compel Turnover [dckt. 19]. The Motion to Reopen was based on Mr. Johns' alleged recent discovery[3] that, following consummation of the settlement, Mr. Allen made post-petition payments to Ms. Gill "as payments for Ricketts Trust" via the three aforementioned checks totaling

---

[2] The Court is unaware of the date certain on which Mr. Bruce was informed that Ms. Gill had received payments.

[3] Although Mr. Bruce avers that he informed Mr. Johns of the payments via the letter dated May 13, 2016, Mr. Johns asserts that he was informed of those payments after Court approval of the adversary proceeding compromise and settlement.

$9,388.62. Mr. Johns noted Ricketts Trust's earlier representation in the case that it had not received payments from Mr. Allen. He then asked the Court to compel turnover of the post-petition payments made by Mr. Allen.

Ricketts Trust responded that it held security interests in two entirely different vehicles which were titled in the names of either Mr. Allen or his spouse, but clarified that the liens targeted Allen's Paving and Mr. Allen's spouse, LaLannie Smith-Allen, neither of whom are debtors. Further, Ricketts Trust asserted that it was empty as of April 2015, and the security interests in the two entirely different vehicles in question were assigned to Ms. Gill as a Trust beneficiary. Thus, Ricketts Trust avers that it was not in existence when the payments were made from Mr. Allen to Ms. Gill post-petition and, additionally, that it did not receive any payments on any of the subject vehicles.

The Court held a hearing on the Motion to Reopen and Compel and reopened the case. It denied the request to compel turnover [dckts 26 & 42]. The Motion to Dismiss and the Motion for Summary Judgment followed.

Mr. Johns contends that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. He reiterates the terms of the executed settlement and the alleged bad faith behavior of Ricketts Trust in claiming that it received no payments from Mr. Allen within a certain time period. Further, Mr. Johns informed the Court that Ricketts Trust had been "evasive" in discovery and failed to timely provide any requested documents. Mr. Johns asserts that the lien held by Ricketts Trust in Mr. Allen's property was avoided, and thus the Chapter 7 Trustee is entitled to recover all post-petition payments made on behalf of that avoided lien.

4

Ricketts Trust asserts that genuine issues of material fact are extant. It further contends that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6). Mr. Bruce asserts that at no time did he effectuate any monetary transfer from Allen's Paving or Mr. Allen or receive proceeds from those parties to send to Ms. Gill. Mr. Bruce additionally avers that (1) he did not give anyone permission to make a note on the checks to Ms. Gill that the payment was for "Ricketts Trust;" (2) Ricketts Trust never attempted to collect or receive any money based on Mr. Allen's debt to Ricketts Trust; (3) Mr. Allen's filing did not affect Allen Paving's obligation on the Allen Note; (4) Mr. Johns is "estopped from proceeding" in view of the earlier settlement, and (5) Ricketts Trust was terminated in 2015 and is not a proper party. Further, in his Reply supporting the Motion to Dismiss, he accuses Mr. Johns of "misl[eading] this Court into signing a factually wrong Order," because Mr. Johns knew that post-petition payments had been made in May 2016, but the Agreed Settlement Order noted that no payments had been made.

The back-and-forth continues on rejoinder. In Mr. Johns' Reply to the Motion for Summary Judgment, he contends that assignment of the Allen Note, and the corresponding liens from Ricketts Trust to Ms. Gill, were not recorded and no notation appears on the vehicle title. He asserts that Ricketts Trust is still the holder of the liens, any payment made regarding the same inures to the benefit of Ricketts Trust, and, consequently, those payments may be recovered for the benefit of Mr. Allen's creditors.[4]

---

[4] The Court has done its utmost to assemble a meaningful substantive timeline. The parties' filings did not substantially aid that undertaking.

## II.

**A.     Governing Standards**

### 1.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "plead facts sufficient to establish a prima facie case . . . to survive a motion to dismiss, but . . . the more stringent pleading standard established in *Iqbal* and *Twombly* applies." *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (citing *Twombly*, 550 U.S. at 569-70). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."

6

*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d

7

245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The Court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Lest one lose the forest for the trees, it bears emphasizing that "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of th[e alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Woods*, 855 F.3d at 652 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

### 2.      Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bank. P. 7056. The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must do so by offering "sufficient proof[ ] in the form of admissible evidence" rather than relying solely on the allegations of her complaint. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, ⎯⎯ U.S. ⎯⎯, 134 S. Ct. 1861, 1866, 188 L.Ed.2d 895 (2014) (internal quotation omitted). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 (advisory committee's note to 1963 amendment).

**B.**     **Analysis**

Respecting dismissal under Rule 12(b)(6), Mr. Johns has comfortably cleared the *Iqbal* and *Twombly* bar. Facts have been pled which state a claim that is "plausible on its face." Summary judgment is likewise inappropriate. The latent factual disputes are apparent from the incomplete and confusing recitation of the factual background *supra*, which nevertheless resulted in an unnecessary amount of effort on the Court's part in a somewhat futile attempt to provide the reader some meaningful measure of the circumstances surrounding the litigation.

### III.

Based upon the foregoing discussion, **IT IS ORDERED** that the Motion for Summary Judgment [dckt. 31] and Motion to Dismiss [dckt. 37] be, and hereby are, **DENIED.**